# NO. 12-20-00125-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANA K. MANNEN INDEPENDENT EXECUTRIX OF THE ESTATE OF JACKIE HOLLAND MANNEN, APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JOANIE MANNEN TROUT, APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dana K. Mannen, Independent Executrix of the Estate of Jackie Holland Mannen, appeals a summary judgment granted in favor of Joanie Mannen Troutt. She presents one issue on appeal. We affirm.

### BACKGROUND

On February 7, 1997, Jackie Holland Mannen executed his Last Will and Testament, which devised "all of [his] property that [he] may own or control in Van Zandt County, Texas, at the time of [his] death" to his son, Jack Mannen III. Jackie died on May 14, 2009, and his Last Will and Testament was admitted to probate in Van Zandt County on August 14, 2012.

On August 15, 2016, Jack gifted a portion of the property he inherited from his father to his niece, Troutt, via a gift deed. However, the deed improperly characterized Jack as the executor instead of beneficiary of Jackie's estate. Troutt discovered the error in June 2019, following Jack's death that February. Troutt filed a "Non-Material Correction Affidavit" in the

1

Van Zandt County Real Property records on August 26, 2019, in accordance with the Texas Property Code.[1]

On August 9, 2019, Dana challenged the validity of the 2016 gift deed. She filed suit seeking a declaratory judgment that the gift deed is void. According to Dana's petition, the entirety of Jackie's estate has not been distributed and Jack never received title to the property he attempted to gift to Troutt. Troutt answered on September 9 and counterclaimed for breach of fiduciary duty and a declaration that the gift deed is valid.

On December 13, Troutt filed a traditional motion for summary judgment. In her motion, Troutt argued that the property at issue immediately vested in Jack upon Jackie's death under the Texas Estates Code.[2] She further argued that the property at issue was Jackie's separate property because he acquired it before marriage.[3] As a result, Troutt urged that Jack held legal title to the property at the time of the gift to Troutt. On December 23, the trial court issued a notice setting the motion for hearing by submission for January 27, 2020. Dana claims she did not receive this notice. Dana did not file a response to the motion for summary judgment. However, Dana filed a motion for continuance on January 22. In her motion, Dana urged that she needed to depose Troutt. Troutt filed a motion opposing the continuance. The trial court denied the motion for continuance and granted Troutt's motion in opposition. The trial court also granted Troutt's motion for summary judgment. This appeal followed.

## MOTION FOR CONTINUANCE

In her sole issue, Mannen urges the trial court denied her due process because it did not afford her an opportunity to depose Trout before granting Trout's motion. Essentially, Mannen argues the trial court abused its discretion in denying her motion for continuance.

### Standard of Review

"A trial court's ruling on a motion for continuance is reviewed for a clear abuse of discretion." *Antolik v. Antolik*, No. 06-18-00096-CV, 2019 WL 2119646, at *6 (Tex. App.—Texarkana May 15, 2019, pet. denied) (mem. op.) (citing *Pjetrovic v. Home Depot*, 411 S.W.3d 639, 644 (Tex. App.—Texarkana 2013, no pet.); *BMC Software Belgium, N.V. v. Marchand*, 83

---

[1] *See* TEX. PROP. CODE ANN. § 5.028 (West 2021).

[2] *See* TEX. EST. CODE ANN. § 101.001(a)(1) (West 2020).

[3] *See* TEX. FAM. CODE ANN. § 3.001(1) (West 2006).

S.W.3d 789, 800 (Tex. 2002)). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id. Marchand*, 83 S.W.3d at 800. "Rule 251 provides that a continuance shall not 'be granted except for good cause supported by affidavit.'" *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 757 (Tex. App.— Texarkana 2017, pet. dism'd) (citing TEX. R. CIV. P. 251); *Estate of Grogan*, 595 S.W.3d 807, 822–23 (Tex. App.—Texarkana 2020, no pet.). We consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

**Analysis**

As described above, Dana filed suit in August 2019. Trout filed her motion for summary judgment in December. Troutt's motion for summary judgment urged that she conclusively established her entitlement to declaratory relief. Six exhibits were attached to the motion for summary judgment: (1) certified copy of Jackie's Last Will and Testament; (2) certified copy of Dana's application to probate Jackie's will and the corresponding order admitting it; (3) certified copy of the 1986 warranty deed granting the property to Jackie; (4) certified copy of the 2016 gift deed; (5) certified copy of the 2019 non-material correction affidavit; and (6) certified death certificate of Jack. Even though Dana claims she was not notified of the submission date, she filed a motion for continuance. While she claims the need for additional discovery, namely deposing Troutt, there is no evidence she pursued any discovery prior to the summary judgment submission. In fact, the record indicates Dana filed her notice of intent to depose Trout on April 3, 2020, after the trial court had already ruled on the motion.[4]

Furthermore, we disagree with Dana that the discovery sought was material to her response to Troutt's motion. In her motion for continuance, Dana merely states that she needs to depose Troutt "to the affidavit and multiple other matters." Jackie's Last Will and Testament devised "all property located in Van Zandt County, Texas, belonging to Jackie Holland Mannen" to his son, Jack Mannen III. This will was admitted to probate on August 1, 2012, and the order

---

[4] The motion for continuance was denied and the motion for summary judgment was granted on February 21, 2020. However, due to an error with e-file, Dana did not receive notice of those orders on that date. She did receive notice of them on April 3.

issuing letters testamentary was filed on August 14, 2012.  All property that is devised by a will vests immediately in the devisees upon the death of the testator.  TEX. ESTATES CODE ANN. § 101.001(a)(1) (West 2020).  Consequently, title in the Van Zandt County properties immediately vested in Jack.  As a result, Jack had the legal title to convey the property when he gifted it to Troutt in 2016.

The gift deed incorrectly identified Jack as the executor of Jackie's estate instead of a beneficiary.  However, Troutt filed a correction affidavit in accordance with the Texas Property Code.  *See* TEX. PROP. CODE ANN. § 5.028 (West 2021).  This evidence establishes, as a matter of law, that Troutt is entitled to a declaration that the gift deed is valid.  As a result, we conclude Dana failed to identify "facts essential to justify [her] opposition" to Troutt's motion.  *See Joe*, 145 S.W.3d at 162.  We cannot conclude that the trial court's denial of the motion for continuance was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *See Marchand*, 83 S.W.3d at 800-01.  We overrule Dana's sole issue.

## DISPOSITION

Having overruled Dana's sole issue, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-20-00125-CV**

**DANA K. MANNEN INDEPENDENT EXECUTRIX**
**OF THE ESTATE OF JACKIE HOLLAND MANNEN,**
Appellant
V.
**JOANIE MANNEN TROUT,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. 19-00191)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**; all costs of this appeals are adjudged against Appellant, **DANA K. MANNEN**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*